Jeffrey Otis Redden # 54051-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC  29590

Clerk of Court
500 Pearl St.
New York, NY 10007

RE: Case No. 1:21-CV-05588-(LAK)

Dear Clerk:

Please file the enclosed 28 U.S.C. § 2555 petition in the above-cited case.

If you have any questions please contact me at the above address.

Dated: 11/21/21

Sincerely, *Jeffrey Otis Redden*

Jeffrey Otis Redden

RECEIVED
NOV 3 0 2021
JUDGE KAPLAN'S CHAMBERS

RECEIVED

NOV 30 2021

JUDGE KAPLAN'S CHAMBERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY OTIS REDDEN         :     Civil No. 1:21-CV-05588-(LAK)
          Movant/Defendant    :     Crim. No. 1:21-CV-05588-(LAK)  02-CR-1146
                                        :     Memorandum of Points and Authorities
          v.                    :     In Support of Motion to Vacate, Set
                                        :     Aside or Correct Sentence Pursuant to
UNITED STATES OF AMERICA    :     28 U.S.C. §2255
         Respondent/Plaintiff.

**COMES NOW**, Jeffrey Otis Redden, HEREINAFTER "Movant," acting pro se, and respectfully submits this Memorandum of Points and Authorities and attached Exhibits in support of his motion for relief under 28 U.S.C. §2255. Movant requests that this Court GRANT him the relief he seeks herein or, at a minimum, order Respondent to Answer as to why relief should not be granted.

Dated: 11/21/21

*Jeffrey Otis Redden*
Jeffrey Otis Redden # 54051-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC 29590

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2255. The motion is timely under the provisions of the same[1].

## II. STATEMENT OF THE CASE

The Movant was convicted in 2004 on three counts: (1) conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. § 846; (2) possessing a firearm in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(i)(1); and (3) possessing ammunition shipped in interstate commerce in violation of 18 U.S.C. § 922(g)(1). The Movant was sentenced in 2005 to a term of life imprisonment on the first count plus a consecutive sentence of ten years imprisonment based on counts two and three.

## III. STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, an aggrieved defendant must show that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Section 2255 essentially codifies the common-law writ of habeas corpus in relation to federal criminal offenses, *United States v. Hayman*, 342 U.S. 205 (1952) (describing the history of § 2255). A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, **exceeds the maximum penalty**, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court is obliged to construe pro se pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); see *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

---

[1] Id. at §2255(f)

In First Step Act cases, defendants who were convicted of one covered offense and one or more other offenses have been granted plenary resentencing on all counts. See, e.g., *United States v. Felix DeJesus*, 2019 WL 5997336, at *1 (D. Conn. Nov. 1, 2019). District Courts granted those requests because a defendant who is entitled to relief under the First Step Act for a covered offense is also entitled to a full resentencing on related convictions. *United States v. Hines*, No. 3:05-CR-118 (SRU), 2020 WL 607210, at *7 (D. Conn. Feb. 7, 2020)

## IV. SUMMARY OF ARGUMENTS

A. **The Fair Sentencing Act of 2010 changed the quantities of crack cocaine required to convict 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams. Congress made these changes retroactive by enacting the First Step Act of 2018. After the First Step Act, the Movant's life sentence for count one on his conviction is over the statutory maximum of 20 years for a 21 U.S.C. § 846 conspiracy, predicated on 21 U.S.C. § 841(a)(1).**

B. **The Supreme Court in *United States v. Davis Et Al.*, 588 U.S. ___ (2019) applied the categorical approach and held that a conspiracy conviction could not predicate an 18 U.S.C. § 924(c) conviction, that represents a fundamental change in law that renders the Movant's 21 U.S.C. § 846 conspiracy conviction non-criminal under § 924(c).**

C. **The Supreme Court in Rehaif v. United States, 588 U.S. ___ (2019) held that in a prosecution under §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The trial court's instruction lacked the second element.**

## V. ARGUMENT

A. **The Fair Sentencing Act of 2010 changed the quantities of crack cocaine required to convict 21 U.S.C. § 841(b)(1)(A) from 50 grams to 280 grams. Congress made these changes retroactive by enacting the First Step Act of 2018. After the First Step Act, the Movant's life sentence for count one on his conviction is over the statutory maximum of 20 years for a 21 U.S.C. § 846 conspiracy, predicated on 21 U.S.C. § 841(a)(1).**

The Movant was convicted in 2004 on three counts: (1) conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. §

846; (2) possessing a firearm in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) and 924(i)(1); and (3) possessing ammunition shipped in interstate commerce in violation of 18 U.S.C. § 922(g)(1). The Movant was sentenced in 2005, principally to a term of life imprisonment on the first count plus a consecutive sentence of ten years imprisonment based on counts two and three.

At the time the Movant was convicted, 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum sentence of 10 years imprisonment and allowed a maximum term of life imprisonment for anyone convicted of, among other things, distributing or possessing with intent to distribute 50 grams or more of a mixture or substance containing crack cocaine.

The Fair Sentencing Act of 2010 changed the quantities of crack cocaine pertaining to 21 U.S.C. § 841(b)(1)(A) to 280 grams. While these changes initially were not retroactive, Congress made them so by enacting the First Step Act of 2018. It provides: "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."

In *Apprendi v. New Jersey*, 530 US 466 (2000), the United States Supreme Court ruled that the Sixth Amendment right to a jury trial, incorporated against the states through the Fourteenth Amendment, prohibited judges from enhancing criminal sentences beyond statutory maxima based on facts other than those decided by the jury beyond a reasonable doubt. The *Apprendi* decision cited in *Jones v. United States*, 526 U. S. 227 (1999), construing a federal statute, there the Supreme Court noted that "under the Due Process Clause of the Fifth

3

Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.*" *Id.*, at 243, n. 6.

Attached as Exhibit "A" is the Movant's superseding indictment, which charged him under 21 U.S.C. §846 for conspiracy to commit 21 U.S.C. §841(a)(1), 841(b)(1)(A) to possess with intent to distribute 50 grams and more of mixtures and substances containing a detectable among of cocaine base. Attached as Exhibit "B" is the Movant's jury verdict form that shows that the jury only reached unanimity on the 50-gram amount.

After the Supreme Court's decision in Apprendi 21 U.S.C. §841(b)(1)(A) is a separate element that must be indicted and proved to a jury beyond a reasonable doubt. The Fair Sentencing Act of 2010 and the First step Act of 2018 rendered the Movant's conduct non-criminal under §841(b)(1)(A) because a person must now be indicted and convicted by a unanimous jury of 280 grams of cocaine base to be guilty of §841(b)(1)(A). The retroactive application of The Fair Sentencing Act rendered the Movant not guilty of §841(b)(1)(A). The Movant is now only convicted of 21 U.S.C. § 841(a), which has a statutory maximum of 20 years imprisonment. The Movant's sentence of life imprisonment on count one of his count one conviction must be reversed, and he must be sentenced within the statutory range of 21 U.S.C. § 841(a), which is zero to twenty years.

**B. The Supreme Court in *United States v. Davis Et Al.*, 588 U.S. ___ (2019) applied the categorical approach and held that a conspiracy conviction could not predicate an 18 U.S.C. § 924(c) conviction, that represents a fundamental change in law that renders the Movant's 21 U.S.C. § 846 conspiracy conviction non-criminal under § 924(c).**

As shown in Exhibit's "A" and "B," the Movant was convicted on count one 21 U.S.C. § 846 conspiracy. § 846 reads as follows:

4

"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

18 U.S.C. § 924(c)(1)(A) reads as follows:

"Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or *drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime."

§ 924(c)(2) defines drug trafficking crime as follows:

"For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."

21 U.S.C. § 846 is an indivisible statute; see *United States v. Martinez-Cruz*, 836 F.3d 1305, 1314 (10th Cir. 2016). As shown above, § 846 can be predicted by any crime under 21 U.S.C. § 841 the federal Controlled Substances Act (CSA). The CSA makes it a felony to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense," any amount of **marijuana**, except that **"distributing a small amount of marihuana for no remuneration" is a misdemeanor**. 21 U.S.C. § 841(a), (b)(1)(D), (b)(4)[2]. As § 846 is indivisible and can be predicated on a misdemeanor, it is categorically overly broad and cannot predicate 18 U.S.C. § 924(c) because it is categorically overly broad[3].

---

[2] *Evanson v. Att'y Gen. of U.S.*, 550 F.3d 284, 289 (3d Cir. 2008); Also *Steele v. Blackman*, 236 F.3d 130, 137 (3d Cir.2001) ( "Since distribution of marijuana without remuneration is not inherently a felony, it seems to us that the only alternative to so regarding it consistent with the rule of lenity would be to treat any § 844 offense in this context as a misdemeanor."); *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir.2003).
[3] *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016).

Furthermore, in addressing inchoate crimes, such as attempts and conspiracies, these are typically addressed unique offenses and charged/addressed separately from an underlying offense. In the context of a career offender under U.S.S.G. §4B1.1, §4B1.2, Application Notes is a separate instruction for attempts and conspiracies aside from the substantive offense[4].

In the context of immigration, 8 USC § 1101(a)(43)(U) is the removability charge for attempts or conspiracies and must be alleged separately from a substantive offense[5].

18 U.S.C. § 924(c) does not include attempts or conspiracies to commit crimes, but only the substantive crime; as such, the Movant's conspiracy conviction can not predicate his § 924(c) conviction.

**C. The Supreme Court in Rehaif v. United States, 588 U.S. ___ (2019) held that in a prosecution under §922(g) and §924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. The trial court's instruction lacked the second element.**

Attached as Exhibit "C" are the relevant pages from the Movant's jury instruction for his count three § 922(g) conviction.

As this Court can see, the trial court did not instruct on the essential element that the movant "knew he belonged to the relevant category of persons barred from possessing a firearm".

The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment need only contain those facts and elements of the alleged offense necessary to inform the accused of the charge so that he or she may prepare a defense and invoke the Double Jeopardy Clause when appropriate. If an essential element of the offense is omitted from the indictment, *it cannot, consistent with the principle underlying the Fifth Amendment requirement*

---

[4] The text of 4B1.2 Application Notes is: "'Crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."
[5] See *Matter of Richardson*, 25 I&N Dec. 226 (BIA 2010)

*that prosecution for an infamous crime be instituted by a grand jury, be supplied by the prosecutor or by the courts.* As stated in *Russell v. United States*, 369 U.S. 749, 770 (1962):

> "To allow the prosecution, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him."

Furthermore, due process requires that the Government prove every element of the charged offense beyond a reasonable doubt. Accordingly, jury instructions that relieve the Government of this burden violate a defendant's due process rights See *Carella v. California*, 491 U.S. 263, 265, 109 S. Ct. 2419, 105 L. Ed. 2d 218 (1989). As this Court can see from the Movant's attached indictment and jury instruction, the essential *mens rea* element that the Movant knew that he knew that he belonged to the relevant category of persons barred from possessing a firearm was omitted from his indictment and his jury charge.

After the Supreme Court's decision in *Rehaif*, the Movant's indicted and convicted conduct is not criminalized under § 922(g), and his count three conviction must be reversed.

## VI. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Movant prays that this Honorable Court grant this motion and vacate the Movant's convictions on all counts of his indictment and resentence count one within the statutory limit of zero to twenty years and dismiss counts two and three.

Dated: 11/21/21

Jeffrey Otis Redden # 54051-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC  29590

## CERTIFICATE OF SERVICE

I declare under the penalty of perjury that the foregoing is true and correct:

I sent this enclosed 28 U.S.C. § 2255 petition to opposing counsel bellow on the following date:  11 - 21 - 2021, via first-class USPS mail.


Rebecca T. Dell and Won S. Shin
United States Attorney's Office
1 St. Andrews Plaza
Southern District of New York
New York, New York 10007



Executed on:  11 - 19 - 2021 _____ (Date)



Jeffrey Otis Redden # 54051-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC  29590

## PRISON MAILBOX CERTIFICATION

I declare under the penalty of perjury that the foregoing is true and correct:

I handed this enclosed 28 U.S.C. § 2255 petition to the outgoing mail officer at FCI Williamsburg Federal Correctional Institution on Date: 11/21/2021 , with first-class USPS postage attached.


Executed on: 11 - 19 - 2021 (Date)


Jeffrey Otis Redden
(Jeffrey Otis Redden # 54051-054
FCI Williamsburg
Federal Correctional Institution
P.O. Box 340
Salters, SC  29590

Exhibit "A" Movant's superseding indictment

JUN-15-2004  14:08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :      SUPERSEDING
                                          INDICTMENT
            - v. -                 :      S2 02 Cr. 1141 (LAK)

JEFFREY OTIS REDDEN,               :
      a/k/a "Jeff Dog,"
      a/k/a "Jeffrey Kelsie,"      :
      a/k/a "Otis Redden,"
                                   :
                  Defendant.
                                   :
- - - - - - - - - - - - - - - -x

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about 1998 up to and including
in or about August 2002, in the Southern District of New York and
elsewhere, JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey
Kelsie," a/k/a "Otis Redden," the defendant, and others known and
unknown, unlawfully, intentionally and knowingly did combine,
conspire, confederate and agree together and with each other to
violate the narcotics laws of the United States.

2.   It was a part and an object of this conspiracy
that JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey
Kelsie," a/k/a "Otis Redden," the defendant, and others known and
unknown, would and did distribute and possess with intent to
distribute a controlled substance, to wit, 50 grams and more of
mixtures and substances containing a detectable amount of cocaine
base, in a form commonly known as "crack", in violation of
Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United

States Code.

3.   It was further a part and an object of the conspiracy that JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Redden," the defendant, and others known and unknown, would and did possess with intent to distribute a Schedule II controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack", within 1000 feet of Public School 50, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A), and 860 of Title 21, United States Code.

<u>OVERT ACTS</u>

4.   In furtherance of the conspiracy, and to effect the illegal objects thereof, the following acts, among others, were committed in the Southern District of New York:

a.   Between in or about 2001 and in or about 2002, JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Redden," provided quantities of crack cocaine to a co-conspirator not named as a defendant herein ("CC-1") in the vicinity of 1555 Bryant Avenue, in the Bronx, New York, which is within 1000 feet of Public School 50.

b.   Between in or about 2001 and in or about 2002, CC-1 gave drug proceeds to JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Redden," and others in

- 2 -

the vicinity of 1555 Bryant Avenue, in the Bronx, New York, which is within 1000 feet of Public School 50.

     c.   On or about June 24, 2002, JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Redden," shot at one individual and shot and murdered another individual in the vicinity of Vyse Avenue and East 174th Street, Bronx, New York.

     (Title 21, United States Code, Section 846.)

COUNT TWO

The Grand Jury further charges:

     5.   On or about June 24, 2002, in the Southern District of New York, JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Reddon," the defendant, unlawfully, wilfully and knowingly did use, carry, and discharge a firearm, to wit, a .380 caliber firearm, during and in relation to a crime of violence and a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, and did possess that firearm and discharge that firearm in furtherance of the offense charged in Count One of this Indictment, and did cause the death of Leon Francis through the use of the firearm.

     (Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 924(i)(1).)

- 3 -

JUN-15-2004  14:09

## COUNT THREE

The Grand Jury further charges:

6.    On or about June 24, 2002, in the Southern District of New York, JEFFREY OTIS REDDEN, a/k/a "Jeff Dog," a/k/a "Jeffrey Kelsie," a/k/a "Otis Redden," the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, criminal possession of a weapon in the third degree in New York State Supreme Court, Bronx County, unlawfully, willfully, and knowingly did possess in and affecting commerce ammunition, to wit, approximately two rounds of Remington Peters .380 caliber ammunition and approximately three rounds of Federal Cartridge .380 caliber ammunition, all of which had previously been shipped and transported in interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

FOREPERSON

DAVID N. KELLEY
United States Attorney

- 4 -

JUN-15-2004  14:09

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JEFFREY OTIS REDDEN,
    a/k/a "Jeff Dog,"
    a/k/a "Jeffrey Kelsie,"
    a/k/a "Otis Redden,"

Defendant.

### SUPERSEDING INDICTMENT

S2 02 Cr. 1141 (LAK)

(Title 18, United States Code,
Sections 922(g)(1), 924(c), 924(j), 2,
and Title 21, United States Code,
Section 846.)

DAVID N. KELLEY
United States Attorney.

A TRUE BILL

15 JUN 04
Foreperson.

Exhibit "B" Movant's jury verdict form

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            :

            - v. -                  :            S3 02 Cr. 1141 (LAK)

                                    :
JEFFREY OTIS REDDEN,                :
        a/k/a "Jeff Dog,"           :
        a/k/a "Jeffrey Kelsie,"     :
        a/k/a "Otis Redden,"        :
                                    :
                Defendant.          :
                                    :

- - - - - - - - - - - - - - - - - - - - - - - - - - X

## VERDICT FORM

<u>Count One</u>:

1a.   Conspiracy Involving 50 Grams or More of Crack Cocaine

        Guilty  ✓            Not Guilty _____

        *[If you find that the government proved all three elements of this Count beyond a
        reasonable doubt, you should mark "guilty" and proceed to Count Two. If you find
        that the government has not met its burden with respect to either of the first two
        elements, mark "not guilty" and proceed to Count Two.  If you find that the
        government has met its burden on the first two elements, but you find that the
        government failed to prove that the conspiracy involved 50 grams or more of crack,
        or you are unable to agree unanimously as to whether the government has met its
        burden on this point, mark "not guilty" and proceed to Question 1b.]*

1b.   Conspiracy Involving at Least 5 Grams but Less Than 50 Grams of Crack Cocaine

        Guilty _____         Not Guilty _____

        *[If you find that the government has proved beyond a reasonable doubt that the
        conspiracy involved at least 5 but less than 50 grams of crack cocaine, you should
        mark "guilty" and proceed to Count Two.  Otherwise, mark "not guilty" and*

*proceed to Question 1c.*]

1c.    Conspiracy Involving Less Than 5 Grams of Crack Cocaine

　　　　　Guilty _____          Not Guilty _____


[*Proceed to Count Two regardless of your answer to Count One.  If you find the defendant not guilty on all three of the offenses listed in Count One, you must find him not guilty on Count Two as well.*]


<u>Count Two:</u>

　　　　　Guilty ✓          Not Guilty _____


Dated: July 27, 2004

Exhibit "C" relevant pages from the Movant's jury instruction

| A-80 |

47R4RED2                          Charge

1      THE COURT:  Members of the jury, you have now heard

2    evidence with respect to Count 3 and argument of counsel.  Let

3    me give you instructions on Count 3, which will be brief.  You

4    found the defendant guilty on Counts 1 and 2 of the indictment.

5    Your determination on Counts 1 and 2 is final and may not be

6    reconsidered.  You are to consider only Count 3, taking into

7    account the evidence you heard throughout the trial from the

8    first phase and just now.  The fact you found the defendant

9    guilty as to Counts 1 and 2 should not affect your verdict on

10   Count 3.  Count 3 should be considered independently.

11      Count 3, as I told you a few moments ago, charges as

12   follows:  On or about June 24, 2002, in the Southern District

13   of New York, Jeffrey Otis Redden, the defendant, after having

14   been convicted in a court of a crime punishable by imprisonment

15   for a term exceeding one year, to wit, criminal possession of a

16   weapon in the third degree in New York Supreme Court, Bronx

17   County, unlawfully, willfully, and knowingly did possess in and

18   affecting commerce, ammunition, to wit, approximately 2 rounds

19   of Remington-Peters .380 caliber ammunition and approximately 3

20   rounds of Federal Cartridges .380 caliber ammunition, all of

21   which had been previously shipped and transported in interstate

22   commerce.

23      The relevant statute provides insofar as is

24   significant here:  It shall be unlawful for any person who has

25   been convicted in any court of a crime punishable by

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

A-81

1    imprisonment for a term exceeding one year to possess in or

2    affecting commerce, any firearm or ammunition.

3            In order to sustain its burden of proof on Count 3,

4    the government must prove the following three elements, each

5    beyond a reasonable doubt: first, that the defendant previously

6    had been convicted in any court of a crime punishable by

7    imprisonment for a term exceeding one year, in other words, a

8    felony; second, that on or about June 24, 2002, the defendant

9    knowingly possessed ammunition; and third, that the defendant's

10   possession of ammunition was in or affecting interstate

11   commerce.

12           As to the first element, the government must prove

13   beyond a reasonable doubt that Mr. Redden had been convicted of

14   a crime punishable by imprisonment for a term exceeding one

15   year in a court of the United States or any state prior to the

16   date he is charged with possessing or receiving the ammunition.

17   To satisfy the first element you need find only beyond a

18   reasonable doubt that the defendant in fact was convicted of a

19   felony and that the conviction occurred prior to the possession

20   of the ammunition charged in this case.

21           The government does not have to prove that the

22   defendant knew the prior conviction was for a felony or that he

23   was convicted after trial as opposed to a conviction on a

24   guilty plea.  I do instruct you, however, that the prior

25   conviction that is an element of Count 3 is to be considered by

A-82

47R4RED2                        Charge                        1026

1  you only for the fact that it exists and nothing else.  You do
2  not consider it for any other purpose nor concern yourself what
3  the conviction was for.  Do not consider the prior conviction
4  in deciding whether the defendant was in knowing possession of
5  the ammunition charged in the indictment.
6          In other words, I will repeat something I said before,
7  you now know there was at least evidence of a prior conviction
8  pertaining to defendant which is for you to decide.  You may
9  not consider the prior conviction as any propensity by the
10 defendant to commit crimes involving firearms or munition.  You
11 consider it only on the issue was there a conviction prior to
12 June 24, 2002, if any.
13         The second element the government must prove beyond a
14 reasonable doubt is that on or about June 24, 2002, the
15 defendant knowingly possessed ammunition.  I already defined
16 possession and knowingly and you will rely on those definitions
17 I gave earlier in deciding Count 3.
18         The word ammunition means any cartridge cases,
19 primers, bullets, or propellent powder designed for use in any
20 firearm.
21         In this case the government contends the ammunition
22 the defendant possessed was the ammunition found at the scene
23 of the crime on June 24, 2002 on East 174th Street and Hoe
24 Avenue in the Bronx.
25         The third final element the government must prove

A-83

1027

47R4RED2                          Charge

1   beyond a reasonable doubt is that the ammunition that the
2   defendant is charged with possessing was in or affecting
3   interstate commerce.  That means that the government must prove
4   that at some time prior to the point where defendant possessed
5   ammunition, if he did, the ammunition traveled in any state or
6   foreign commerce.  Proof that the ammunition crossed a state
7   line or U.S. border at some time prior to June 24, 2002 is
8   sufficient to satisfactory this element.
9               For example, if the ammunition came from a state other
10  than New York City to New York, then it crossed state lines and
11  it was transported or shipped in interstate commerce.
12  Likewise, if it came from another country into New York, the
13  same would be true.  The government is not obliged to prove the
14  defendant himself carried the ammunition over a state line or
15  national border, nor must it prove who carried the ammunition
16  across a state line or into the United States or how that was
17  done, nor must it prove that the defendant knew the ammunition
18  had crossed a state line or national bothered.
19              Those are my substantive instructions.  All of the
20  other instructions I gave you continue to apply in your
21  deliberations regarding Count 3.  That includes but is not
22  limited to the instruction concerning venue, that is, whether
23  the case is properly brought in this court, dates, trial
24  process, your evaluation of the evidence, and deliberations.
25              Again I remind that you the fact that you found the

4's Jeffrey Redden #54051-054

FCI-Williamsburg

P.O. Box 340

aters, S.C. 29590

RECEIVED
NOV 30 2021
JUDGE KAPLAN'S CHAMBERS

USMS/NDJ

Clerk of the Court
United States District Court
For The Southern District
of New York
District Court Judge
Lewis A. Kaplan
500 Pearl Street
New York, New York 10007
"Legal Mail" Prison Mail Box Rules are in affect

CERTIFIED MAIL